UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

In re:                                          :
                                                :         Case Number 1-06-02931
DUKE HEATING OIL, INC                           :         Chapter 11
                                                :         JUDGE MARY D. FRANCE
        Debtor                                  :

# PLAN OF REORGANIZATION

DUKE HEATING OIL, INC, Debtor in Possession, submits this Plan of Reorganization.

DUKE HEATING OIL, INC

By: /s/ Thomas Duke

Attorneys for Debtor:

DORAN NOWALIS & DORAN

BY: /s/ Lisa M Doran
LISA M DORAN, ESQ
69 Public Square STE 700
Wilkes-Barre PA 18701
Dated: June 15, 2007                (570) 823-9111  fax (570) 829-32-22

1

In re: :
: Case Number 1-06-02931
DUKE HEATING OIL, INC : Chapter 11
: JUDGE MARY D. FRANCE
Debtor :

# PLAN OF REORGANIZATION

DUKE HEATING OIL, INC, in accordance with the provisions of Chapter 11 of the Bankruptcy Code proposes and files this Plan of Reorganization ("Plan").

## ARTICLE I
### Definitions

For purposes of this Plan, the following terms shall the meaning set forth below, unless the context requires otherwise:

1.1 "Administrative Claim" means a claim under §503(b) of the Code that is entitled to priority under §507(a)(1) of the Code.

1.2 "Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Pennsylvania and any Court having jurisdiction.

1.3 "Claim" means a claim against the Debtor as defined in §101, *et seq.*, effective as of October 1, 1979, as amended.

1.4 "Code" means the Bankruptcy Reform Act of 1978 11 U.S. C. §101, *et seq.*, effective as of October 1, 1979, together with amendments in effect as of the date of the filing of this petition, and any later amendments given retroactive effect.

1.5 "Confirmation Date" means the date of entry of the Confirmation Order.

1.6 "Confirmation Order" means the Order entered confirming this Plan pursuant to §1129 of the Code.

1.7 "Creditor" means any holder of a Claim against the Debtor that arose on or before the Filing Date, or a Claim of any kind specified in §502(f), (g), (h), or (i) of the Code.

1.8 "Debtor" or "Debtor in Possession" means Duke Heating Oil, Inc.

1.9 "Disclosure Statement" means the Disclosure Statement which relates to and is being contemporaneously filed with this Plan.

1.10 "Disputed Claim" or "Disputed Interest" means any alleged Claim against or Interest in the Debtor to which an objection has been timely filed by a party in interest, which objection is not the subject of a Final Order or has not been withdrawn.

1.11. "Filing Date" is the date the petition for relief was filed, December 18, 2006.

# ARTICLE II
# CLAIMS

**2.1 Class 1: Administrative claims.** This class includes fees of Court-approved professionals such as attorneys and accountants; claims incurred during the Chapter 11 proceeding in the ordinary course of business; quarterly fees owed to the US Trustee; and any other claims determined to have an administrative priority under §507(a)(1) of the Bankruptcy Code.

This class is not impaired.

**2.2. Class 2: Real Estate Taxes:** The secured claims of the Northumberland County Tax Claim Bureau, and/or local tax collector. The taxes are first priority liens on real property. Approximately $7,000 will be owed for 2006 and 2007.

This class is not impaired.

**2.3. Class 3: Omega Bank**: The secured claim of Omega Bank secured with a mortgage on the Debtor's real property (in second position behind real estate taxes); and a first priority lien on all other equipment, machinery, inventory, accounts, intangibles, etc. Omega filed a proof of claim for $320,796.66, which includes three separate notes with balances due as of the filing date of $224,383.36, $64,950.99 and $31,462.31.

This class is not impaired.

**2.4 Class 4: Priority Tax Claims**: All priority tax claims as defined in §507(a)(8) of the Code. Claims for priority taxes were filed as follows: IRS $14,999.91; Pennsylvania Department of Revenue $1,708.98.

This class is not impaired.

**2.5. Class 5: General Unsecured claims.** All allowed unsecured, non-priority claims. Unless the Debtor files objections, each claim will be allowed in the amount of the proof of claim filed, or, if no proof of claim was filed, all claims listed on the Debtors schedules will be allowed in the scheduled amount. This class includes the claim of Leighow Oil Co, which filed a judgment against the Debtor, but, because the amount of the senior secured liens on the Debtor's real property exceeds the value of the real property, the claim is treated as unsecured under this plan. This class also includes any nonpriority tax claims.

This class is impaired.

**2.6. Class 6: Equity interests.** All interests of equity holders. The Debtor's common stock is currently owned by Thomas Duke (66 2/3%), Dolores Duke (16 2/3%) and Lorelei Duke (16 2/3%).

3

# ARTICLE III
## TREATMENT OF CLASSES OF CLAIMS

Classes specified in Article II above shall be treated as follows:

**3.1. Class 1 Administrative Claims**
   a. **U.S. Trustee**: If any quarterly fees are owed at the confirmation date, the fees will be paid in full within 10 days of the Effective Date. Future quarterly fees will be paid from cash flow as they become due. The Debtor will seek a final decree as early as possible after Confirmation to eliminate further Quarterly Fees.
   b. **IRS:** The IRS filed an administrative claim of $2,248.89. This will be paid in full within 10 days of the Effective Date.
   c. **Professional Fees.** Professional fees incurred through confirmation will be paid after such fees are approved by the Bankruptcy Court.
   d. **Other Administrative Claims**: Any other allowed administrative obligations will be paid in full within 10 days of the Effective Date.
   e. **Source of payments:** The equity contribution will be used toward payment of those Administrative claims due as of the effective date. If the equity contribution is insufficient to pay these, the balance will be paid from cash flow.

**3.2. Class 2: Real Estate Taxes**
   a. All past due real estate taxes, including interest to the date of payment, will be paid in full in a lump sum in the third month after the Effective Date.

**3.3. Class 3 – Omega Bank**:
   a. The Note of $224,383.36 will be amortized over 15 years at a monthly payment of approximately $2,266.51, beginning the month after the Effective Date. Interest may adjust by the terms of the note.

   b. The Note of $64,950.99 will be amortized over 7 years at a monthly payment of approximately $1,053.26, beginning the month after the Effective Date. Interest may adjust by the terms of the note.

   c. The note of $31,462.31 will continue to be paid at $952.35 per month.

   d. Omega will retain its liens to the same extent as existed prepetition until the notes are paid.

   e. Should the Debtor succeed in recovering from the Condemnation action, the net proceeds (net of attorney fees and costs of litigation) will be paid to Omega Bank and will be applied to the note of $31,462.31. If the net proceeds are not enough to pay the note in full, the Debtor will continue paying the $952.35 per month until the note is paid. If the net proceeds fully pay the note, then any the balance of the proceeds will apply toward the note of $64,950.99 as may be agreed between the Debtor and Omega Bank.

**3.4. <u>Class 4 - Priority tax claims</u>:**
a. Priority claims will be paid pro-rata in monthly installments of $2,500.00 with interest at 8% until paid in full. The first payment will begin in the fourth (4th) month after the Effective Date. The Debtor calculates the total of the payments, including interest at $17,278.16 ($15,510.86 to IRS and $1,767.30 to PA).
b. Should there be any surplus from the equity contribution after administrative claims are paid in full, that surplus will be paid, pro-rata, to priority claims within 15 days of the Effective Date, and the interest to be paid and the duration of the installment payments to priority tax claims reduced accordingly.

**3.5. <u>Class 5 - General Unsecured Claims</u>**
a. Allowed, unsecured, nonpriority claims will be paid in installments of $2,500.00 per month for 55 months until a total of $137,500.00 has been paid to the unsecured class. Installment payments will begin in approximately the month 11 of the plan--the month following the payment in full of Class 4 priority tax claims. Payments will begin sooner if the equity contribution shortens the time for priority taxes under 3.4(b) above. No dividends will be paid to insider claims of Thomas and Dolores Duke.

b. <u>Possible Additional Payments.</u> The Debtor is litigating damages for condemnation of property. Should the Debtor recover net proceeds from the lawsuit in excess of $88,000 (which is not anticipated), then the Debtor will extend the duration of the plan payments beyond 55 months and continue to pay $2,500 per month until the unsecured creditors are paid the amount of the excess over $88,000, in addition to the payments they will receive under 3.5 a.

c. <u>Leighow judgment</u>: After completion of payments in 3.5(a) and, if applicable 3.5(b), Leighow Oil will satisfy its judgment lien on the real property.

**3.6. <u>Class 6: Equity interests</u>.** Thomas Duke, Dolores Duke, and Lorelei Duke will retain their shares of stock in the corporation, and will contribute the sum of $9,500 for the value of such equity interest. Contribution will be made in a lump sum within 10 days of the Effective Date.

**ARTICLE IV**
<u>MEANS OF EXECUTION OF PLAN</u>

4.1. a. The Debtor will continue to operate its business and make payments to Creditors under this plan from cash flow.
b. The contribution from the equity class will pay toward administrative claims, and any surplus to priority tax claims as indicated in those classes above.
c. The Debtor will continue to pursue the condemnation litigation.

4.2. The **EFFECTIVE DATE** of the Plan will be fifteen (15) days after a final non-appealable order confirming the plan.

## ARTICLE V
## EXECUTORY CONTRACTS

5.1. The Debtor had no material executory contracts. Any that exist will continue to be paid under their terms.

## ARTICLE VI
## MODIFICATION OF THE PLAN

6.1. Debtor may modify this Plan at any time before confirmation provided that the Plan as modified meets the requirements of §1127 of the Bankruptcy Code.

6.2. The Debtor may, in its discretion, pay any class of creditors sooner than required or enter into settlement agreements with any creditor; however, no payments shall be accelerated to an unsecured junior class ahead of payments to an unsecured senior class.

## ARTICLE VII
## SOURCE OF FUNDS

7.1 Payments to creditors under the Plan will be made from cash flow from operations, the contribution from the equity class, and from any recovery on pending litigation as discussed in Article IV above.

## ARTICLE VIII
## OBJECTIONS TO CLAIMS

8.1. A bar date for the filing of claims expired on April 2, 2007. Creditors whose claims are included in the Debtor's schedules and are not listed as disputed, contingent, or unliquidated are deemed filed as a proof of claim. Scheduled creditors with deemed filed claims may rely on the amount of their scheduled claims and need not have filed a proof of claim, but any filed proof of claim shall supersede any scheduled claim.

8.2. The Debtor will file any objections to the allowance of any claim or interest, whether such claim be filed or deemed filed, within thirty (30) days after the Confirmation date.

## ARTICLE IX
## UNITED STATES TRUSTEE FEES

9.1. Any unpaid U.S. Trustee's quarterly fees shall be paid as a Class I claim. Ongoing quarterly fees incurred prior to and after the Confirmation Date will be paid as required under applicable law, 28 U.S.C. §1930(a)(6), and quarterly reports will be filed as required for each calendar quarter until such time as a final decree is entered.

# ARTICLE X
## RETENTION OF JURISDICTION

10.1 The Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes:

(a) To determine any and all objections to the allowance of Claims;

(b) To determine objections to allowance of compensation and reimbursement of expenses of Professionals;

(c) To determine any applications pending on the Confirmation Date for the rejection or assumption of executory contracts or unexpired leases to which the Debtor is a party or with respect to which it may be liable; to hear and determine, and if need be to estimate or liquidate, any and all claims arising therefrom;

(d) To determine any and all applications, adversary proceedings and contested matters that are pending on the Confirmation Date.

(e) To consider motions for sale or free and clear sale of real property;

(f) To consider any modifications of the Plan and remedy any defect or omission;

(g) To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

(h) To consider and act on the compromise and settlement of any claims against or cause of action by or against the Debtor's estate;

(i) To resolve any pending disputes regarding the Debtor's interest in property not rendered moot by confirmation;

(j) To issue orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code; and

(k) To determine such other matters as may be set forth in the Confirmation Order or as may arise in connection with the Plan or the Confirmation Date.

10.2 <u>Amendment of Plan</u>. The Plan may be amended as provided in §1127 of the Code.

# ARTICLE XI
## PROVISION FOR UNCASHED DISTRIBUTION CHECKS

Should any distribution check mailed to the last known address of a creditor be returned to sender, address unknown, or otherwise remain uncashed for a period of 6 months after the date of the check, then at the expiration of the 6 months, the funds shall revert to the Debtor, the obligation for the amount of the check discharged, and the Debtor shall have no liability to the creditor for the amount of such uncashed check.

# ARTICLE XII
## REQUEST FOR CONFIRMATION

The Debtor, as proponent of the Plan, requests confirmation of the Plan of Reorganization in accordance with §§ 1129(a) or 1129(b) of the Code.