IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| DUKE HEATING OIL, INC., | ) |
| | ) Bank. No. 1-06-bk-02931 |
| Debtor. | ) |
| UNITED STATES OF AMERICA, | ) |
| Movant | ) |
| vs. | ) |
| DUKE HEATING OIL, INC., | ) |
| Respondent. | ) |

### STIPULATION AND AGREEMENT

AND NOW, this  6th  day of  August , 2007, it is HEREBY STIPULATED and AGREED by and between Duke Heating Oil, Inc., Debtor, and the United States of America, as represented by Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, as follows:

1. The prepetition claim of the Internal Revenue Service in the total amount of $16,251.11 shall be paid as follows:

   a. The unsecured priority claim in the amount of $14,999.91, together with interest thereon at the rate of 8 percent per annum, shall be paid in monthly installments of $2,250 over a seven month period. The first such installment shall be due on the first day of the fourth month following the

Bank. No. 06-02931MDF                                                          2

plan effective date, and each subsequent payment shall be due on the first day of each month thereafter until such time as the amount of such claim plus interest has been fully paid.

      b. The general unsecured claim of $1,251.20 shall be paid in accordance with the treatment given to other general unsecured creditors under the plan.

    2. One half of the unpaid postpetition tax liability of the Debtor, or $15,757.27, will be paid on or before September 1, 2007. Any remaining postpetition tax liability will be paid in full on or before October 15, 2007. Any income tax liability reflected on the debtor's tax return for the taxable year ended May 31, 2007 shall be paid in full when the return is filed pursuant to an extension of time to file.

    3. All monthly payments specified in paragraphs 1 and 2 above shall be made payable to the United States Treasury and sent to the Insolvency Unit, Internal Revenue Service, 600 Arch Street, Room 5200, Philadelphia, PA 19106.

    4. The Internal Revenue Service may apply each monthly payment to the claim for unpaid taxes, penalties, and interest as it, in its sole discretion, may determine.

    5. Any refunds or credits to which the Debtor may become entitled at any time before the tax liability mentioned in paragraphs 1 and 2 has become fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the Debtor prior to

the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to the Insolvency Unit, Internal Revenue Service, at the aforementioned address.

6. In the event that the Debtor fails to make any of the payments specified in paragraphs 1 and 2 above or fails to comply with any of its postconfirmation federal tax obligations, including making timely payment of its employment tax deposits on a monthly basis, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the Debtor's assets. Notwithstanding the foregoing, the Debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the Debtor.

7. The period allowed to the Internal Revenue Service under I.R.C. § 6502(a) to collect the assessed taxes, interest, penalties, and any other additions thereon, which are still owed by the Debtor after the plan effective date shall be suspended for the period of time that payment of these tax debts is made according to this Stipulation and Agreement, unless and until a substantial default of these payments shall occur, and for six months thereafter in accordance with I.R.C. § 6503(h)(2). A substantial default regarding payments shall have occurred when

Bank. No. 06-02931MDF                                                              4

a payment of the tax debt required by this Stipulation and Agreement has not been timely made, the Service has provided the Debtor with written notice of the default, and the Debtors have failed to cure the default within 30 days of the Service mailing written notice of default to the Debtor.

    8.   This Stipulation and Agreement shall be deemed incorporated in the confirmed plan of reorganization and shall control the treatment of the federal tax claims in this case.

 

THOMAS A. MARINO
United States Attorney

DUKE HEATING OIL, INC.                BY: /s/ Nathanael J. Byerly

Debtor                                Nathanael J. Byerly
                                      Special Assist. U.S. Attorney
BY: /s/

Lisa M Doran, Esq
Atty for Duke Heating Oil