IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:                                :

DUKE HEATING OIL, INC                 :       Case No. 1-06-02931
        Debtor                        :       Chapter 11
                                      :

## STIPULATION RESOLVING OBJECTIONS
## OF PENNSYLVANIA DEPT OF REVENUE
## TO PLAN OF REORGANIZATION

This Stipulation is entered into by and between Duke Heating Oil, Inc, Debtor, and the Pennsylvania Department of Revenue, as follows:

1. The Pennsylvania Department of Revenue holds a prepetition claim against the debtor in the amount of $2,371.26. The claim consists of a $1,708.98 priority claim and a $662.28 general unsecured claim. The parties agree that the treatment of this prepetition claim in the Debtor's plan is not being objected to by the Pennsylvania Department of Revenue.

2. The Pennsylvania Department of Revenue recently filed a "Proof of Administrative Expense" (hereinafter "Administrative Claim") and has objected to the plan for not providing sufficient funding for payment of its Administrative Claim. Some of the amounts in the Administrative Claim are estimates because the Debtor had not yet filed its March, April, and May 2007 sales tax reports or its Corporate Tax Report for the fiscal year ended 5-31-2007.

3. The Debtor's March, April and May sales tax reports have now been filed.

4. The Debtor agrees that it will file its June 2007 sales tax report and its 2Q 2007 employer tax report on or before August 1, 2007 as it was due to be filed on or before July 20, 2007.

5. Notwithstanding the terms of the Plan of Reorganization, the Parties agree that the Administrative Claims of the Pa Department of Revenue shall be paid as follows:

a. By no later than October 15, 2007, Debtor will pay to the PA Department of Revenue, the 1st Quarter 2007 and 2nd Quarter 2007 employer taxes and January through August 2007 Sales Tax in the amounts shown as due on their Administrative Claim or amended Administrative state tax claim , or where the Administrative Claim indicated estimates, in the amounts shown to be due on the tax reports signed, dated and filed by the Debtor . The Debtor will also pay all penalties and interest as may be calculated by Pennsylvania Department of Revenue for these post-petition state trust fund tax liabilities and communicated to the Debtor in an amended request for Administrative Expenses (filed after the tax reports are filed) or otherwise in written form to Debtor's counsel.

b. The Pa Department of Revenue will notify the Debtor of any shortfall in the interest payment due to time delay between initial calculation and payment, and the Debtor will remit any such shortfall within 10 days of notification by the Pa Department of Revenue.

6. The Debtor will file an extension request on its Corporate Tax Report for the year ended 5-31-2007 if that extension has not already been submitted. The Debtor will file the corporate tax report within the time provided in the extension and if any tax is due based on the amount listed with the filed return , the Debtor shall remit that tax, with appropriate interest and penalty, at the time the report is filed.

7. Any refunds or credits to which the debtor may become entitled from the Pa Dept of Revenue at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the debtor from the Pa Department of Revenue prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and returned to the Pa Department of Revenue to be applied toward amounts due under this Stipulation.

8. If the debtor fails to make timely any of the payments indicated in paragraph 5 above, then, after a 15 day notice of Default to Debtor and Counsel, if the amount still remains unpaid, the Pa Department of Revenue may, at its option, either exercise its collection actions as authorized by state statute or Motion this bankruptcy court for conversion of the case to a Chapter 7 liquidation proceeding based on a material default of the Stipulated Settlement having occurred because of Debtor's failure to make such timely payments of post-petition state taxes.

9. a. All payments will be made in the form of negotiable check(s) made payable to the "Pennsylvania Department of Revenue".

b. The Debtor shall send all payments for Administrative state tax claims under this Stipulation to the following address:

Nicholas J. Lamberti, Senior Counsel
Pennsylvania Department of Revenue
10th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120

      c. The Debtor shall send all payments for prepetition taxes being paid in the confirmed Chapter 11 plan to the following address:

      Sandra Kirk, Research Analyst
      Bankruptcy Support Unit
      Office of Chief Counsel
      10th Floor, Strawberry Square
      Harrisburg, PA 17120

      d. The Debtor shall pay its future tax payments to the Pa Department of Revenue through the customary manner corresponding to such type of tax.

      10. This stipulation and agreement shall be deemed incorporated within the confirmed Plan of Reorganization. To the extent that the terms of the Plan are inconsistent with the terms of this Stipulation, the Stipulation shall control.

      This Stipulation is entered into this 6th day of August, 2007

DUKE HEATING OIL, INC

BY: /s/ Lisa M Doran
LISA M. DORAN, ESQUIRE
DORAN & NOWALIS
69 Public Square, Ste. 700
Wilkes-Barre PA 18701
570-823-9111  fax 570-829-32-22

BY: _____
Nicholas J. Lamberti, Senior Counsel
Office of Chief Counsel
P O Box 281061
Harrisburg PA 17128-1061
717-346-4645