# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 1-06-00914 |
| THE GREAT COMMISSION CARE | : | |
| COMMUNITIES, INC. d/b/a | : | |
| THE WOODS AT CEDAR RUN, | : | CHAPTER 11 |
| Debtor | : | |

## ORDER CONFIRMING
## PLAN OF REORGANIZATION

The Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code having been proposed by Great Commission Care Communities, Inc., d/b/a The Woods at Cedar Run ("Debtor"), as filed on June 22, 2007, and the Court having approved the Debtors' Amended Disclosure Statement in an Order dated July 19, 2007, and the Plan having come before the Court for confirmation upon Motion of the Debtor, and following Notice, the Court determines after a hearing that:

## FINDINGS

A.    All creditors required to be served have been served an Order of the Court Conditionally Approving Disclosure Statement and Approving Voting Procedures, Fixing Time for Confirmation Hearing and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice, a copy of the Plan and Disclosure Statement and a ballot.

B.    The Plan has been accepted in writing by the Class 4 claim holders (Bond Holders), Class 5 claim holder (M&T Bank), and Class 8 claim holders (unsecured creditors) in the amount and number necessary to comply with the provisions of Section 1126 of the Code as to acceptance of a Plan.  These Classes are 3 of the 4 classes permitted to vote on the Plan.  The fourth Class permitted to vote, Class 6, did not vote on the Plan.

C.    The Plan complies with the provisions of Chapter 11 of the Bankruptcy Code; the Plan has been proposed in good faith and not by any means forbidden by law.

D.    The Plan has been accepted by at least one class of claims which is impaired under the Plan, determined without including acceptance of the Plan by an insider holding a claim or interest in such class.

E.     Each holder of a claim has either accepted the Plan, or will receive or retain property of a value as of the effective date of the Plan that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

F.     All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incidental to the case prior to confirmation, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

G.     The identity, qualifications, and affiliations of the management of the Debtor and insiders, if any, in the Debtor after confirmation of the Plan, have been fully disclosed, and the continuance of the Debtor as so constituted is consistent with the interests of the creditors and with public policy.

H.     The identity of any insider that will be employed or retained by the Debtor has been fully disclosed.

I.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334, and 28 U.S.C. §157, together with a special Order of the United States District Court for the Middle District of Pennsylvania.

J.     No retiree benefits exist which must be continued.

K.     As to all classes under the Plan, all of the requirements of 11 U.S.C. §1129 have been met. The requirements of Section 1129(b) have been met and the Court finds that this Plan is fair and equitable and can be confirmed.

L.     Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

M.     All capitalized terms not defined herein are defined as in the Plan.

**IT IS ORDERED THAT**:

1.     The Plan filed by the Debtor, as modified herein, is **CONFIRMED**.

**IT IS FURTHER ORDERED THAT**:

1.     Objections to claims and interests may be filed by the Debtor up to one hundred twenty (120) days subsequent to the entry of this Order, unless such date is extended by the Court. If no objection occurs to a filed proof of claim, a claim shall be deemed allowed as set forth in

2

Section 1.4 of the Plan which defines "Allowed Claim".

2.      The Debtor is released and discharged from all dischargeable debts only to the extent allowed pursuant to 11 U.S.C. §1141 of the Bankruptcy Code, including, but not limited to, all principal and interest of discharged claims. Pursuant to 11 U.S.C. §1141(d)(2) and (3), no discharge will occur with respect to any taxes not dischargeable thereunder. All creditors are limited, pursuant to Section 1141 of the Code, to the remedies provided by the Plan and the Code, as to all claim holders and equity holders, including contingent and disputed claims which are not otherwise Allowed Claims.

3.      The confirmation voids any judgment or lien at any time obtained against the Debtor, to the extent that such judgment or lien is a determination of the liability of the Debtor for any debt discharged under 11 U.S.C. §1141, whether or not discharge of such debt is waived, as well as any judgment entered ninety (90) days before May 10, 2006, and as provided in the Plan.

4.      This Order operates as an injunction against the commencement or continuation of any action, the employment of process, or any act to collect, recover, or offset any of such debt which has been discharged, as a liability of the Debtor, or from property of the Debtor, whether or not discharge of a debt has been waived or has occurred. Such injunction shall apply whether or not, (i) a proof of claim based upon any debt is filed or deemed filed under Section 501 of the Code; (ii) such claim is allowed under Section 502 of the Code; or (iii) the holder of such claim has accepted the Plan. All creditors are limited to the remedies under the Bankruptcy Code and as set forth under the Plan, as modified herein.

5.      Any tax claims of any municipality or governmental agency which arose prior to Confirmation shall be as allowed by the Court, or under the Plan, which claim and any lien thereunder shall not operate as a lien and shall be deemed released as a lien upon payment in full of the related Priority Tax Claim as set forth in Section 4.3 of the Plan.

6.      The Effective Date of the Plan shall be the first day of the first calendar month following the date upon which the Confirmation Order becomes a Final Order.

7.      All payments to claim holders under the Plan shall be as more fully set forth in the Plan, subject to the terms and conditions of the Plan, including, but not limited to, Article IV, Article V, Article VI and Article VII of the Plan.

8.      All property of the Debtor which is to be retained by the Debtor under the Plan shall be vested in the Debtor, free and clear of all claims, liens, encumbrances and interests of creditors.

9.      All executory contracts and leases as set forth in Article VII of the Plan shall be rejected or assumed as more fully set forth in the provisions of such Article VII of the Plan.

10.     The automatic stay entered pursuant to 11 U.S.C. §362 shall remain in full force and

effect until the Effective Date, at which point the provisions of this Confirmation Order and the injunctions contained herein and contained in the Plan shall also control including, but not limited to, the injunction set forth in Section 12.1 of the Plan.

11.    Pursuant to Bankruptcy Code Section 1142(b), all persons are hereby ordered to execute and deliver to the Debtor any instrument to perform any act that is necessary for the consummation of the Plan.

12.    All fees required to be paid to the Office of the United States Trustee under 28 U.S.C. §1930 through and including the second quarter of 2006, being the quarter during which confirmation of the Plan is entered, shall be paid in accordance with Section 4.2 of the Plan or upon the normal due date thereof, which ever date is first. A Final Decree in the case or closing of the case shall occur upon Motion and approval thereof by the Court.

13.    All sales or transfers of property of the Debtor's estate which occurs, whether before or after Confirmation of the Plan, shall, pursuant to Section 1146(c) of the Bankruptcy Code, be exempt from any transfer, stamp or similar taxes, including Pennsylvania Transfer Tax.

14.    To correct a typographical error, Section 15.19 is corrected to read as follows: "From and after the Effective Date, the Creditors' committee shall be dissolved and shall have no further rights or obligations and the appointment of its members shall be terminated."

15.    The Court shall retain jurisdiction for the purposes set forth in Article XVIII of the Plan and as set forth in this Order.

16.    All prior Orders of the Court, not inconsistent herewith, shall remain in full force and effect.

17.    This Order may be filed in the Prothonotary's Office and the Office of the Recorder of Deeds of Cumberland County, Pennsylvania, and the Office of the Commonwealth of Pennsylvania, Department of State, Corporation Bureau, as is necessary.

18.    The Clerk shall send notice of this Confirmation Order as required by Rule 2002(f)(7) of the Federal Rules of Bankruptcy Procedure.

**By the Court,**

*Mary D. France*

**Bankruptcy Judge**

Date: August 27, 2007

*This document is electronically signed and filed on the same date.*